*298
OPINION

JAMES G. WILCOXEN, Justice.
This appeal comes to this Court from the final judgment of the District Court of the Cherokee Nation in consolidated cases CV-2009-65 and CV-2010-53. The Court reviews this appeal de novo to determine if there is a compelling governmental interest in support of the deviation of numbers of Cherokee citizens within the newly formed five districts found in Legislative Act 22-10 O’Brien v. Skinner, 414 U.S. 524, 94 S.Ct. 740, 38 L.Ed.2d 702 (1974).
Preliminary concerns have arisen over the course of this Court’s review. This Court knows all too well the financial expense of litigation and the burden that is financed by the people of the Cherokee Nation; however, for clarification of the record and to ensure the future preservation of fully and fairly litigated issues of such importance to all Cherokee citizens, this Court encourages all parties in the lower Court and this Court to have independent counsel of record. Furthermore, to avoid confusion, this Court henceforth will require counsel for the Tribal Council to make part of the record below, the Cherokee Nation Tribal Council Resolution that authorizes counsel to represent all or a majority of the Tribal Council and specifically which members.
Additionally, this Court takes note that, as of the date of this Court’s decision, the Tribal Council has failed to codify Cherokee Nation laws now necessary under the current Cherokee Nation Constitution.
The procedural record of this appeal in part is as follows:
The District Court entered its final judgment on August 17, 2010. On August 26, 2010, Appellants, Cara Cowan-Watts and Jack Baker, individually, and as members of the Tribal Council, timely filed their Petition in Error raising the issue framed by this appeal. In response, Principal Chief Chadwick Smith and the Tribal Council filed motions to dismiss urging procedural irregularities. The Court will first address the issues raised in the motions to dismiss.
By Order of October 2, 2010, this Court dismissed from this appeal, Council Member Jack Baker as an attempted substitution for Council Member, Don Garvin. The Court finds that it is not necessary to determine whether Cowan-Watts appears in her official or individual capacity as it is not dispositive of the issue presented. The Court further finds that the Election Commission is not a necessary party to this appeal for purposes of determining whether Legislative Act 22-10 is Constitutional and the failure to include the Election Commission does not violate Rule 52. These arguments and the others presented in the motions to dismiss do not deprive this Court of the jurisdiction to address the merits of this appeal.
*299 This Court also finds that Cowan-Watts should have timely filed a designation of record and a certified copy of the final judgment herein appealed from. Cherokee Nation Supreme Court Rules of Appellate Procedure are neither trivial nor archaic holdovers from a prior era as urged by counsel for Appellant. All parties should endeavor to follow the rules of this Court or suffer the possibility of dismissal. Notwithstanding, because of the urgency and importance of the issue here presented, the motions to dismiss of the respondents are denied.
Legislative Act 10-22 violates the constitutional mandate that the Tribal Council create legislative districts which have a “reasonably equal division of citizenship among the districts.” Art. VI Sec. ¡I The Tribal Council utilizing registration data compiled and submitted to the Election Commission has passed Legislative Act 22-10 establishing five (5) representative districts with three (3) representatives from each district. It is incumbent that the districts as created afford equal representation to be in compliance with equal protection under the Cherokee Nation Constitution. This burden has been recognized by this Court in Lay v. Cherokee Nation, JAT 97-05 as “one Cherokee, one vote.” It is a lofty goal to which the Cherokee Nation Tribal Council must aspire.
This Court recognizes the need to give great deference to the enactments of the Tribal Council and where possible uphold their constitutionality. Notwithstanding, any enactment of the Council is subject to review to insure that the same is not contrary to the Constitution. The ultimate issue is whether there is a constitutionally justifiable basis to deviate from “one Cherokee, one vote”. For the following reasons, we find that there is not.
There has been much argued about the “ten (10) percent rule.” This rule is not codified in Cherokee law. Nevertheless, it is a rule of persuasive guidance established by the United States Supreme Court. Voinovich v. Quilter, 507 U.S. 146, 113 S.Ct. 1149, 122 L.Ed.2d 500 (1993). Granted, it is not mandatory even in federal districting, nonetheless, it does afford a reasonable benchmark, any substantial deviation from which should be justified. As such, thei’e must be a compelling governmental interest to over-ride an otherwise unconstitutional deviation.
The Respondents have argued considerations of regional commonality of interests and education—a sort of rural versus urban dichotomy. But the record below simply does not provide an adequate justification. In fact there is little or no empirical evidence that establishes a reason to justify a substantial deviation of 22.8%. Deviations from reasonably equal division of citizenship among the 5 districts created by Legislative Act 22-10 should be well documented in the record and must exist in the form of testimony taken, under oath, and subject to cross-examination. It is the burden of the party in favor of the deviation to justify the same and respondents have not met that burden. As such, Legislative Act 22-10 is unconstitutional only insofar as it created a district with a deviation of 22.8%. Legislative Act 22-10 unnecessarily creates an inequality in the voting power of Cherokee citizens. The proposal submitted by Cowan-Watts, and reviewed by this Court, which adds Washington County to neighboring District 4 made up of Nowata, Craig and Mayes Counties, and combines Delaware and Adair Counties with Ottawa County to create District 3, would meet Constitutional muster.
The Court FINDS that the portion of the Legislative Act 22-10 purporting to *300 create a district with a 22.8% deviation in representation is hereby determined to be unconstitutional. This Court further finds that the redistricting plan offered by Co-wan-Watts is a constitutional alternative, but we do not adopt such measure because to do so would violate the Separation of Powers Doctrine. The final decision on redistricting is for the Cherokee Nation Tribal Council and they should act immediately to readdress the issue of redistricting by legislation.
IT IS SO ORDERED.
Concurring: DARELL R. MATLOCK JR., Chief Justice, DARRELL DOWTY, Justice, KYLE B. HASTINGS, Justice, TROY WAYNE POTEETE, Justice.